## ANTHONY v. NORTH AMERICAN BUILDING & LOAN ASS'N et al.

No. 11685.

Court of Civil Appeals of Texas. Dallas.

Jan. 13, 1934.

Hughes & Monroe and P. P. Ballowe, all of Dallas, for appellant.

Hexter & Reichman, of Dallas, for appellees.

BOND, Justice.

The constitutionality of the moratorium statute, relating to sale of real estate under execution, orders of sale, and deeds of trust (Acts 43d Legislature Regular Session, c. 102, p. 225 [Vernon's Ann. Civ. St. art. 2218b]), having been pronounced by this court, in the case of Lingo Lumber Co. v. Hayes, 64 S.W. (2d) 835, and the soundness of the conclusion fortified by a recent decision of the Supreme Court of the United States, Home Building & Loan Ass'n v. Blaisdell, 54 S. Ct. 231, 78 L. Ed. ——, upholding a similar decision of the Supreme Court of Minnesota, in Blaisdell v. Home Building & Loan Association, 249 N. W. 334, 86 A. L. R. 1507, under a like statute, warrants us to again pronounce the Texas moratorium statute as a constitutional delegation of authority for courts of Texas to interpose and delay the sale of real property, brought under the terms and conditions of the statute, in advance of a pronouncement from our own Supreme Court on the subject.

The issue under consideration is whether appellant's suit comes within the purview of the law. This suit was instituted by Mary Anthony, in the Sixty-Eighth district court of Dallas county, as an original proceeding, to secure the injunctive relief provided in section 3 of said moratorium statute; i. e., "The Judge or Court having jurisdiction of the subject matter, is hereby authorized to grant temporary injunctions at the instance of the debtor to prevent a sale of real property under execution, orders of sale of real property or under deeds of trust conveying lands as security for debt upon the same

terms and conditions as is authorized by Section 1 of this Act and during the life of this Act." (Vernon's Ann. Civ. St. art. 2218b, § 3). The terms and conditions of section 1 of the act (Vernon's Ann. Civ. St. art. 2218b, § 1) in part read:

"(a) That the defendant is unable to pay said indebtedness and that the property of the defendant, if sold under an order of sale, or any other property of the defendant, if sold under execution, would probably sell for less than its reasonable market value, and/or less than its intrinsic value.

"(1a) That the lien sought to be foreclosed was not procured or obtained for the purpose of securing in part or whole any indebtedness for money or property procured by misrepresentation, fraud, defalcation or embezzlement.

"(b) That the rendition of a judgment as prayed for by plaintiff and the sale of the defendant's property under deed of trust or execution or order of sale would result in an unfair, unjust and inequitable financial injury to the defendant.

"(c) That the property upon which the lien is sought to be foreclosed is not being wasted, illtreated, mismanaged or destroyed and is in substantially as good condition as when the lien was first executed, and that the defendant has not, with the intent to defeat or delay the collection of the indebtedness or the enforcement of the lien, dissipated the property or the rents and revenue theretofore derived therefrom.

"(d) That the defendant is not in arrears in the payment of taxes for more than four (4) years since February 1, 1922, on the property involved in the suit.

"(e) That the defendant consent either to the appointment by the Judge or the Court of a disinterested party to collect all rents and revenues, derived from the property upon which the lien exists, during the period of postponement or continuance or stay of orders of sales or executions and to apply the same as a credit on the indebtedness, or deposit the same in the registry of the Court to await the final disposition of the case or to use, apply or dispose of the rents as the Judge may direct without the appointment of a disinterested party to collect the same."

Appellant's petition alleges the existence of a judgment for debt, foreclosure of a lien issued out of the Sixty-Eighth district court in Dallas county, the levy under execution and order of sale on real property belonging to appellant, and, further, her inability to pay the debt, the loss which she would sustain by a sale of the property under the general economic conditions, the absence of fraud in the procurement of the indebtedness secured by lien, the preservation of the property, payment of taxes, and the consent for impounding the payment of rents. The petition follows in detail the quoted terms and conditions of the statute.

The court granted an ex parte temporary restraining order, staying the sale of the real estate and, on hearing, in effect sustained a general demurrer to appellant's petition and denied the injunction. The order recites that "The court was without power or authority to hear or entertain plaintiff's prayer for injunctive relief and determine whether or not the facts set forth in plaintiff's sworn petition under the Moratorium statute were probably true."

■ Giving appellant's petition the full force of the law, i. e., where a general demurrer is sustained, the allegations are presumed to be true, indulging every reasonable intendment in their favor, and granting to the trial court the right to take judicial knowledge of the record, judgment, and prior proceedings in the case, and the mandate of the appellate court in the same case, without formal introduction in evidence, it is our opinion that appellant was entitled to be heard on her petition.

The record reveals that on September 2, 1932, judgment was entered in the Sixty-Eighth district court of Dallas county in favor of appellee for the sum of $819.01 with interest, and a foreclosure of a mechanic's lien on real property situated in the city of Dallas. Appellant appealed, and, on motion, the judgment of the lower court was affirmed by this court, mandate issued and returned to the court below, advising it of the action of this court and directing recognition of, obedience to, and execution of the judgment. Execution and order of sale were issued, levy made, and notice of sale given, as provided by law; thereafter the injunction proceedings were instituted. The situation presents the question whether a debtor may stay execution by injunction from a trial court, granted at a subsequent term of court, after the judgment of foreclosure has become final and a mandate issued from an appellate court and returned to the trial court for observance. In our opinion, the statutes afford the remedy. It may be noted that a remedy is granted a debtor at three stages in legal proceedings brought for the enforcement of real estate liens: (1) In section 1 of the act, provisions are made for suits pending and before final

judgments are entered by trial courts; (2) sections 5 and 6 (Vernon's Ann. Civ. St. art. 2218b, §§ 5, 6) provide the course for suits pending on appeal; and (3) section 3, quoted above, provides the remedy when the judgment has become final or sale threatened, under the terms of a deed of trust. Appellant clearly brings this action within the terms and conditions of section 3, supra, and asks for a hearing "to determine whether or not her allegations are true and whether postponement or continuance of the sale shall be granted." This the trial court declined to do.

 It is the general rule in this state that courts of equity are truly vested with discretion to grant or refuse injunctive relief to prevent irreparable injury, and to hold in status quo the subject-matter of the suit, which appellate courts will not disturb, except where it is shown that a clear abuse of discretion exists; but, where the trial court predicates its action upon a construction or interpretation of a statute, refusing the mover for injunction the right to be heard and to a determination of the issues involved in suit, the question arising is one of law and not of equity. The judge or court before whom the petition for injunctive relief is presented is not clothed with authority to deprive such litigant of his day in court and refuse to him the right guaranteed; i. e., a trial and determination of the issues by due process of law. The statute (Vernon's Ann. Civ. St. art. 2218b, § 1 (e) provides: "It shall be the duty of the Court in determining whether or not said allegations are true, and whether a postponement or continuance shall be granted, to take into consideration the financial condition of the parties, both plaintiffs and defendants, and the nature and character of the property, and the disposition likely to be made of the property if taken possession of by the plaintiff or retained by the defendant and the general economic conditions existing at the time of the hearing of the application."

 Appellee suggests that, where jurisdiction of the appellate court attaches by an appeal, the lower court loses all jurisdiction of the subject-matter, except that of observing, obeying, and executing the judgment of the appellate court, and that the lower court had no power to interfere with the enforcement of its judgment as the appellate court alone has jurisdiction to stay the proceedings. We do not so interpret the statute. It may be conceded that any interference with the judgments, orders, or decrees of an appellate court, not cognizable by statute in a trial court, is vested in the appellate court, but, where such right of interference is specifically granted by statute to the trial court, the jurisdiction of that court attaches. In the instant case, the mandate from the appellate court transferred the execution of its judgment to the trial court for observance, and, as stated, the moratorium statute vests in the judge or court having such jurisdiction the injunctive power to postpone or continue the sale and hear and determine the issues involved. The appellate court has no such right of interference, and cannot assume the functions of a trial court to hear and determine the issues involved in such suits. Under this plain provision of the statute, in our opinion, the trial court was not authorized to sustain a demurrer to appellant's petition, dismissing her suit and declining to hear the merits of her cause of action. The judgment of the lower court is reversed and remanded.

Reversed and remanded.